Azra TASLIMI, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 05–71006.

United States Court of Appeals, Ninth Circuit.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Haleh Mansouri, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Azra Taslimi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") opinion which affirmed the Immigration Judge's ("IJ") denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We deny the petition for review.

The record does not compel the conclusion that Taslimi filed her asylum application within a reasonable time after her changed circumstances. *See* 8 C.F.R. § 208.4(a)(4)(ii); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657–58 (9th Cir.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2007) (per curiam). Accordingly, we deny the petition for review as to Taslimi's asylum claim.

Taslimi contends that the IJ erred in granting withholding of removal, entering an order of removal, and denying voluntary departure. We lack jurisdiction to consider an IJ's decision concerning voluntary departure. *See Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1056 n. 5 (9th Cir.2006). Moreover, we conclude that the IJ's grant of withholding of removal and entry of an order of removal was appropriate because withholding of removal prevents Taslimi from being removed to Iran, but does not prevent her from being removed to a third country. *See* 8 C.F.R § 208.16(f); *see also Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir.2004). Accordingly, Taslimi's contention is unpersuasive.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

